IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David V., a minor, by and through    )
 his next friend, Ohio Legal Rights  )
 Service,                            )
                                     )
                    Plaintiff,       )  Case No. 1:05-CV-714
                                     )
     vs.                             )
                                     )
Board of Trustees of Miami Township, )
                                     )
                    Defendant.       )

Memorandum and Order

        Plaintiff initiated this action under the Fair Housing
Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.*, on November 2,
2005.  Defendant promptly moved for dismissal on various grounds,
including lack of standing of Ohio Legal Rights Service, various
abstention doctrines, and the Anti-Injunction Act, 28 U.S.C.
§ 2283.  Defendant moves for dismissal pursuant to Rule 12(b)(6)
of the Federal Rules of Civil Procedure.

    A. Background, Arguments of the Parties

        David V. is a minor who suffers from Attention Deficit
Hyperactivity Disorder.  Plaintiff alleges that the condition is
ameliorated by David's ownership and care of two pygmy goats that
live with David and his family in a residential neighborhood in
Miami Township.  A Township zoning ordinance concerning the
maintenance of animals in neighborhoods including that in which

David and his parents live permits some animals, including pot-bellied pigs, but does not permit pygmy goats.  For that reason, the Board of Trustees of Miami Township (the "Miami Township Trustees" or the "Trustees") have sued David's parents in the Clermont County Court of Common Pleas.  The Trustees seek a permanent injunction prohibiting David's parents from maintaining the goats in violation of the zoning ordinance.  David is not a party to that action, which is scheduled for trial on January 6, 2006.

David's parents have asserted David's disorder as a defense in the Clermont County action.  So, while David is not a party to that action, his parents' opposition to the Trustees' request for a permanent injunction is based upon David's disability.  Plaintiff does not contend that the Clermont County court is without jurisdiction to consider the issue to the extent that it is raised under the Fair Housing Amendments Act.

On November 3, 2005, Ohio Legal Rights Service initiated this action as David's next friend.  It did so, ostensibly, under the authority granted to it under Ohio Revised Code ("O.R.C.") § 5123.60.  That statute provides, in pertinent part, as follows:

> (A) A legal rights service is hereby created and established to protect and advocate the rights of mentally ill persons, mentally retarded persons, developmentally disabled persons, and other disabled persons who may be represented by the service pursuant

2

to division (L) of this section; to receive and act
upon complaints concerning institutional and hospital
practices and conditions of institutions for mentally
retarded or developmentally disabled persons and
hospitals for the mentally ill; and to ensure that all
persons detained, hospitalized, discharged, or
institutionalized, and all persons whose detention,
hospitalization, discharge, or institutionalization is
sought or has been sought under this chapter or Chapter
5122. of the Revised Code and in any proceedings to
secure the rights of those persons.  Notwithstanding
the definitions of "mentally retarded person" and
"developmentally disabled person" in section 5123.01 of
the Revised Code, the legal rights service shall
determine who is a mentally retarded or developmentally
disabled person for purposes of this section. . . .

                          * * *

(L) In addition to providing services to mentally ill,
mentally retarded, or developmentally disabled persons,
when a grant authorizing the provision of services to
other individuals is accepted pursuant to division
(F)(4) of this section, the legal rights service and
its ombudsperson section may provide the advocacy or
ombudsperson services to those other individuals and
exercise any other authority granted by this section .
. . on behalf of those individuals.  Determination of
whether an individual is eligible for services under
this division shall be made by the legal rights
service.


     The Trustees of Miami Township argue for dismissal of

this action on the ground that Ohio Legal Rights Service does not

have standing, in accordance with the plain language of the

statute, to act on behalf of David V.  The Trustees argue that

David is not within the class of persons on whose behalf the

Plaintiff is authorized to act under the authority of O.R.C. §

5123.60(A) and that Plaintiff has not identified a grant, as

3

contemplated by the General Assembly in enacting O.R.C. §
5123.60(L), that would bring David into that class of persons.

The Trustees also argue that the relief Plaintiff seeks
in this action is prohibited by the Anti-Injunction Act, which
provides as follows:

> A court of the United States may not grant an
> injunction to stay proceedings in a state court except
> as expressly authorized by Act of Congress or where
> necessary in aid of jurisdiction, or to protect or
> effectuate its judgment.

28 U.S.C. § 2283.  The Trustees contend that Congress has not
acted to authorize injunctions to stay state court proceedings in
conjunction with the Fair Housing Amendments Act, and that none
of the exceptions to the Anti-Injunction Act applies.  On that
basis, they contend that this Court is without authority to grant
the relief Plaintiff seeks, which is, effectively, an order
enjoining the proceedings initiated by the Trustees against David
V.'s parents in the Clermont County Court of Common Pleas.

Finally, the Miami Township Trustees argue that this
Court must abstain from considering Plaintiff's claims in this
action under the doctrines known as <u>Younger</u> abstention, <u>Colorado
River Water Conservation District</u> abstention, and <u>Pullman</u>
abstention.  In accordance with the <u>Younger</u> abstention doctrine,
a federal court abstains from considering claims for relief when
state proceedings are pending, the state proceedings involve an

4

important state interest, and the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims.  See Younger v. Harris, 401 U.S. 37 (1971); Hayse v. Wetherington, 110 F.3d 18, 20 (6th Cir. 1997).  The Trustees observe that the Clermont County action is pending.  They contend, without dispute by Plaintiff, that zoning is an important state interest.  Finally, they contend that David or his parents could assert the federal claim under the Fair Housing Amendments Act in the Clermont County action.  Plaintiff argues that Younger abstention does not apply because David is not a party to the Clermont County action.

Pursuant to the Colorado River Water Conservation District abstention doctrine, a federal court may abstain out of deference to a parallel state court proceeding in order to avoid duplicative litigation and to conserve judicial resources.  See Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).  Pursuant to the Pullman abstention doctrine, a federal court may abstain in order to avoid unnecessary constitutional challenges and to give due respect to the state courts.  See Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941).  The Miami Township Trustees urge this Court to abstain in this matter under both doctrines.  Plaintiff contends that neither doctrine applies because David V. is a stranger to the Clermont County litigation.

5

B.   The Rule 12(b)(6) Standard

        The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true.  See Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993)(citing Nishiyama v. Dickson County, 814 F.2d 277, 279 (6th Cir. 1987)).  To that end, for purposes of a motion to dismiss under the Rule, the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.  See Scheuer v. Rhodes, 416 U.S. 232 (1974); Miller v. Currie, 50 F.3d 373, 377 (6th Cir. 1995).  To survive a motion to dismiss under Rule 12(b)(6), "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)(citations and internal quotation marks omitted).  The test for dismissal under Rule 12(b)(6), however, is a stringent one.  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Hartford Fire Insurance Co. v. California, 509 U.S. 764, 811 (1993)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Monette

6

v. Electronic Data Systems Corp., 90 F.3d 1173, 1189 (6th Cir.
1996).  Consequently, a complaint will not be dismissed pursuant
to Rule 12(b)(6) unless no law supports the claim made, the facts
alleged are insufficient to state a claim, or an insurmountable
bar appears on the face of the complaint.

    C.  Analysis

        1.  The Standing of Ohio Legal Rights Service

        The Miami Township Trustees contend that Ohio Legal
Rights Service, which initiated this action on behalf of and as
next friend of David V., lacks standing to sue on his behalf in
this action.  The basis of the Trustees contention is the
language of the statute, O.R.C. § 5123.60, which, they contend,
limits Plaintiff's authority to sue on behalf of individuals to
only those persons who are institutionalized, hospitalized, or
detained, absent a grant contemplated under division (L).  The
Trustees contend, and Plaintiff apparently does not deny, that no
such grant has been made.  Accordingly, the issue raised by the
Trustee's motion must be resolved by reference to § 5123.60(A)
only.

        Division (A) of the statute catalogs the actions Ohio
Legal Rights Service is authorized to take.  Without numbering
them, the section clearly sets out three distinct actions
separated by semi-colons.  Those actions are

(1) protecting and advocating the rights of mentally
ill persons, mentally retarded persons, developmentally
disabled persons, and other disabled persons who may be
represented by the service pursuant to division (L);

(2) receiving and acting upon complaints concerning
institutional and hospital practices and conditions of
institutions for mentally retarded or developmentally
disabled persons and hospitals for the mentally ill;
and

(3) assuring that all persons detained, hospitalized,
discharged, or institutionalized, and all persons whose
detention, hospitalization, discharge, or
institutionalization is sought or has been sought are
fully informed of their rights and adequately
represented by counsel.

Ohio Legal Rights Service's actions are, without
question, intended to be taken under (1) above.  It tacitly
alleges that David V. is a developmentally disabled person by
virtue of his Attention Deficit Hyperactivity Disorder.  It is
not acting upon a complaint concerning institutional and hospital
practices for such persons, and it is not seeking to assure that
a person who is detained, hospitalized, discharged, or
institutionalized is informed of his rights and represented by
counsel.

The Trustees contend that Plaintiff's authority is
limited by statute to the representation of hospitalized,
institutionalized, or detained mentally retarded, mentally ill,
or developmentally disabled persons and that, because he is not
hospitalized, detained, or institutionalized, David V. is outside

8

the class of persons on whose behalf Plaintiff may sue.  As the Court's previous reiteration of the authorized actions makes clear, however, the requirement that a person be hospitalized, detained, or institutionalized does not appear in connection with the first action.  It is the first action that Plaintiff takes in this case.  Accordingly, the limitation upon which the Trustees' contention rests is inapplicable and not, at least as far as the language of the statute advances the analysis, a prohibition to Ohio Legal Rights Service acting on David V.'s behalf in this action.

That conclusion is entirely consistent with the additional language in the statute indicating that Ohio Legal Rights Service "shall determine who is a mentally retarded or developmentally disabled person" for purposes of § 5123.60(A). It is also consistent with, although not directly supported by, the only decision from an Ohio state court cited by the parties that addresses the standing of Ohio Legal Rights Service.  There, the court stated that Ohio Legal Rights Service's "authorization is to see that the law is enforced." <u>James H. v. Ohio Dep't of Mental Health & Mental Retardation</u>, 1 Ohio App.3d 60, 62 (Ct. App. Franklin Cty. 1980).  In short, the Court finds no support for the Trustees' contention that the authority granted Ohio Legal Rights Service under O.R.C. § 5123.60(A) is insufficiently

broad to confer standing upon it to sue on David V.'s behalf in
this action.

        2.   The Anti-Injunction Act

        The Miami Township Trustees also argue that the Anti-
Injunction Act, 28 U.S.C. § 2283, bars this Court's consideration
of Plaintiff's claims for equitable relief in this action,
inasmuch as the relief would amount to an injunction of the
proceedings in Clermont County.  The Trustees contend that none
of the exceptions to the prohibition of the Anti-Injunction Act
applies in this case.

        In opposition to the Trustees' motion, Plaintiff has
identified the decisions of three federal courts that have
concluded that Fair Housing claims fall within the "expressly
authorized" exception to the Anti-Injunction Act.  See Oxford
House, Inc. v. Albany, 819 F. Supp. 1168, 1172 (N.D.N.Y. 1993);
Oxford House-Evergreen v. Plainfield, 769 F.Supp. 1329, 1341
(D.N.J. 1991); Casa Marie, Inc. v. Superior Court of Puerto Rico
for Dist. of Arecibo, 752 F.Supp. 1152, 1169 (D. P.R. 1990).
Plaintiff failed to note, however, that the Court of Appeals for
the First Circuit reversed the district court's decision in Casa
Marie.  The appellate court found no express exception in the
statute and no indication in the legislative history that
Congress intended an exception to the Anti-Injunction Act.  See

10

id.  The courts in the two Oxford House cases engaged in no independent analysis and relied exclusively upon the analysis of the district court in the Casa Marie case.  No other authority identified by Plaintiff or uncovered by the Court supports Plaintiff's position that the Fair Housing Amendments Act includes an exception to the Anti-Injunction Act.  Accordingly, the Court is persuaded that it is prohibited from entering an injunction that would effectively stay the proceedings in Clermont County.

Plaintiff has not explicitly argued for application of the judicially-created "strangers exception" to the Anti-Injunction Act, which, in the opinions of some courts, excepts cases involving parties who are strangers to the state court action at issue.  See, e.g., Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 879 (9th Cir. 2000).  In any event, the exception, at its broadest, inures to the benefit only of one "who is not a party to state proceedings, nor in privity with a party."  Id. at 880.

The Prudential Real Estate Affiliates court elaborated that the "strangers exception" benefits "one who is not bound directly by virtue of a sufficiently close relationship with a party to state proceedings."  Id. at 879.  Examining the claims and the status of the parties in the action in Clermont County, the Court cannot conceive of a definition of "privity" that would

11

not encompass David V.  In the event that his parents are unsuccessful in defending that action, they will be required to remove the goats from their present residential property or to relocate their family.  In either event, David V. will be bound in the practical sense by the outcome.  He will not be able to maintain the goats at the residence independent of his parents. Were his parents unsuccessful and David V. to succeed in this action, the two courts involved would have issued conflicting orders that could not be harmonized and thus have defeated the very purpose of the Anti-Injunction Act.  See Chick Cam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988)(the Act forestalls the inevitable friction between state and federal courts that ensues in cases of parallel jurisdiction).  The Court concludes, therefore, that Plaintiff's request for injunctive relief, which is explicitly aimed at the Trustees' "attempt to obtain a permanent injunction" in the Clermont County action, is prohibited by the Anti-Injunction Act.

Plaintiff has also requested declaratory relief.  The Miami Township Trustees have not argued that a request for declaratory relief, independent of any injunctive relief, is also barred by the Anti-Injunction Act.  The Court must determine, therefore, whether abstention with respect to that request is warranted or required.

12

3.  Abstention

Plaintiff seeks declaratory judgment that the Miami Township Trustees' refusal to grant David V. an accommodation as a disabled person constitutes an act of discrimination under the Fair Housing Amendments Act of 1988 and O.R.C. § 4112.02(H)(19). The specific accommodation that David V. has sought is a waiver of the zoning ordinance prohibiting the maintenance of pygmy goats in residential neighborhoods such as the one in which David and his parents live.  The Trustees argue that the Court must abstain from considering Plaintiff's claims on David V.'s behalf in accordance with the <u>Younger</u> abstention doctrine or, in the alternative, that the Court ought to abstain in accordance with the <u>Colorado River Water Conservation District</u> and <u>Pullman</u> abstention doctrines.

a. <u>Younger</u> abstention

The <u>Younger</u> abstention doctrine counsels a federal court to refrain from adjudicating a matter properly before it in deference to ongoing state criminal proceedings.  <u>See</u> <u>Tindall v. Wayne County Friend of the Court</u>, 269 F.3d 533, 538 (6th Cir. 2001), <u>cert.</u> <u>denied</u>, 535 U.S. 988 (2002).  The Supreme Court explained the policies underlying the doctrine as follows:

13

> The precise reasons for this longstanding public policy
> against federal court interference with state court
> proceedings have never been specifically identified but
> the primary sources of the policy are plain.  One is
> the basic doctrine of equity jurisprudence that courts
> of equity should not act, and particularly should not
> act to restrain a criminal prosecution, when the moving
> party has an adequate remedy at law and will not suffer
> irreparable injury if denied equitable relief. . . .
> This underlying reason for restraining courts of equity
> from interfering with criminal prosecutions is
> reinforced by an even more vital consideration, the
> notion of "comity," that is, a proper respect for state
> functions, a recognition of the fact that the entire
> country is made up of a Union of several state
> governments, and a continuance of the belief that the
> National Government will fare best if the States and
> their institutions are left free to perform their
> separate functions in their separate ways.  This,
> perhaps for lack of a better and clearer way to
> describe it, is referred to by many as "Our
> Federalism," and one familiar with the profound debates
> that ushered our Federal Constitution into existence is
> bound to respect those who remain loyal to the ideals
> and dreams of "Our Federalism."

Younger v. Harris, 401 U.S. at 43-44.

Younger has been extended to certain state court civil

actions.  See Huffman v. Pursue, Ltd., 420 U.S. 592, 603-05

(1975)(applying Younger abstention to a state court civil

nuisance action against an adult theater).  The Supreme Court has

also applied Younger to state court administrative proceedings.

See Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.,

477 U.S. 619, 620, 627-28 (1986)(holding that Younger applies to

a sex discrimination claim in religious schools before the Ohio

Civil Rights Commission); Middlesex County Ethics Comm'n v.

Garden State Bar Ass'n, 457 U.S. 423, 432-34 (1982)(holding that

14

<u>Younger</u> applies to New Jersey bar ethics proceedings against a lawyer for criticizing a state court judge). <u>Younger</u> also applies to state court zoning enforcement proceedings. <u>See</u> <u>Executive Arts Studio, Inc. v. Grand Rapids</u>, 391 F.3d 783, 791 (6th Cir. 2004).

Under <u>Younger</u> and its progeny, a federal court must abstain when a three-part test is satisfied. First, the court must determine whether there are "ongoing state judicial proceedings." <u>Fieger v. Thomas</u>, 74 F.3d 740, 744 (6th Cir. 1996). Second, the court must determine whether "the state has an important interest in regulating the subject matter of the claim." <u>Id</u>. at 745. Third, the court must determine whether the federal plaintiff has "an adequate opportunity in the state court proceedings to raise constitutional challenges." <u>Id</u>.

The first part of the test is satisfied in this case. The subject matter of Plaintiff's claims in this action is also the subject of ongoing state zoning enforcement action. That enforcement action and the underlying refusal by the Miami Township Trustees to grant a variance from the applicable zoning ordinance are the actions that give rise to Plaintiff's claims and its request for declaratory relief in this action. The ongoing state court civil action satisfies the first part of the test for application of the <u>Younger</u> abstention doctrine. <u>See</u> <u>Middlesex County Ethics Comm'n</u>, 457 U.S. at 432.

15

The second part of the test is also satisfied.  The interest in regulating zoning is an important state interest. See Executive Arts Studio, Inc., 391 F.3d at 791; Fieger, 74 F.3d at 745.

The third part of the test requires that the state court proceedings present an adequate opportunity to raise constitutional challenges.  Fieger, 74 F.3d at 745.  That part of the test is also satisfied in this case.  Plaintiff has not argued that the claim that David V.'s disability necessitates a variance from the zoning ordinance and that the failure to grant such a variance violates the Fair Housing Amendments Act and parallel Ohio law could not be raised in the state court action pending in Clermont County.  Indeed, while they have, apparently, not yet identified the basis for their claim that a variance is mandated by law, David's parents have, as long ago as April 2005, asserted David's disability as a defense in that action.  The text of their April 12, 2005, filing in that case is as follows in its entirety:

> We are objecting to the permanent injunction filed by Miami township trustees.
>
> Based on the necessity and therapy for our Sons' [sic] ADHD Disability.

While that defense is not a constitutional claim, it includes precisely the allegations underlying the federal claim Plaintiff

16

asserts in this case on David V.'s behalf.  Plaintiff has not argued that the relief it seeks in this action, an order declaring that the Township is required by the Fair Housing Amendments Act to permit a variance from the pertinent zoning ordinance as an accommodation for David's disability, is not equally available from the state court in which the zoning enforcement action is ongoing.

Plaintiff's argument in opposition to the Township Trustees' motion, to the extent that it is based upon the <u>Younger</u> abstention doctrine, is that <u>Younger</u> does not apply in federal proceedings involving parties who are not also parties to the ongoing state court proceedings.  Plaintiff contends that David V. is a stranger to the Clermont County action and that, accordingly, <u>Younger</u> abstention is not applicable.  <u>See</u> <u>Gottfried v. Med. Planning Services</u>, 142 F.3d 326, 329 (6th Cir.)(holding that where a litigant is not subject to a pending prosecution or civil enforcement action, <u>Younger</u> abstention does not apply), <u>cert.</u> <u>denied</u>, 525 U.S. 1041 (1998).

The circumstances attendant to the present action are materially distinguishable from those at issue in <u>Gottfried</u>, however, in which none of the plaintiff's interests were the subject of ongoing state court proceedings.  <u>See</u> <u>id</u>. at 329. Here, while David V. is not a party to the state court action, his interests are very much at stake.  If the state court

17

enforces the Township Trustees' zoning decision by granting a permanent injunction requiring that David's goats be removed from the family's residential property, David's interest in maintaining the goats will be equally subject to that injunction. The state court's order would materially affect the claims Plaintiff asserts on David's behalf in this case. By the same token, David's parents' only asserted defense in the state court action is derived entirely from David's asserted rights as a disabled person under state and federal law. In those circumstances, David's interests and those of his parents are so "intertwined" as to require abstention in accordance with the principles of comity underlying the <u>Younger</u> abstention doctrine. <u>Hicks v. Miranda</u>, 422 U.S. 332, 349 (1975). The fact that David has not intervened or otherwise been made a party in the state court action is not preclusive of application of the doctrine in this case. For those reasons, the Court concludes that it must abstain from consideration of Plaintiff's claims on David V.'s behalf for declaratory relief in this action in deference to the ongoing state court enforcement action.[1]

---

[1]In so ruling, the Court intimates no opinion with regard to the merits of David V.'s claims as asserted in this action.

18

        b.   <u>Colorado River Water Conservation District</u>
           and <u>Pullman</u> Abstention

The Court need not consider whether it should abstain, as the Miami Township Trustees argue, under the abstention doctrines named for the decisions in <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976), and <u>Railroad Commission of Texas v. Pullman Co.</u>, 312 U.S. 496 (1941).

D. <u>Conclusion</u>

For the foregoing reasons, the motion of the Miami Township Trustees to dismiss this action for failure to state a claim upon which this Court may grant relief (Doc. 7) is hereby **GRANTED**.  This action is **CLOSED** on this Court's docket.

        **IT IS SO ORDERED.**

                                   /s/
                        Sandra S. Beckwith, Chief Judge
                        United States District Court